## Rufus Clark *vs.* Franklin T. Lamb.

Prior to Gen. Sts. *c.* 122, § 13, a magistrate had no jurisdiction of an action made returnable before him, in which the inhabitants of the town in which he lived were summoned as trustees of the defendant; and a recognizance taken in such suit is void.

Scire facias upon a recognizance entered into by the defendant as surety for Franklin French, on an appeal by the latter from a judgment rendered against him by a magistrate in a suit in favor of the plaintiff. The defendant in his answer set forth that the suit in which the recognizance was taken was returnable before Gilman Day, a magistrate living in Templeton, and that in the suit the inhabitants of Templeton were summoned as trustees of French, by reason of which Day had no jurisdiction of the suit, and that this objection was taken before him, but overruled. The plaintiff demurred to the answer; and *Russell,* J. sustained the demurrer, in the superior court, and the defendant appealed.

*N. Wood*, for the defendant.

*S. Cady*, for the plaintiff.

MERRICK, J. Mr. Day, the magistrate before whom the writ in the original suit was returnable and returned, had such an interest in its event as disqualified him to take jurisdiction of it. He was an inhabitant of the town of Templeton, and they were duly summoned as trustees of the defendant ; and, in that relation, they had a direct interest in the event of the suit, for what-. ever might be the disposition of it, they would be entitled to recover their costs. They would have this right, if the action should be maintained and they be either charged or discharged, or if the action should be defeated and judgment rendered for the defendant. Rev. Sts. *c.* 109, §§ 49, 50, 51. It was suggested in the argument for the plaintiff, that this result might be avoided by discharging the trustees, or abating the writ, on the ground that the magistrate could not lawfully take jurisdiction of the suit so far as it related to them. But that would make no difference ; for costs are awarded to a defendant when it is decided that the court have no jurisdiction of the action brought against him. *Cary* v. *Daniels*, 5 Met. 236. *Turner* v. *Blodgett*, Ib. 240, *note. Jordan* v. *Dennis*, 7 Met. 590.

The degree of interest in the magistrate is immaterial. The most minute is sufficient to disqualify him from taking jurisdiction, unless the objection be removed by some positive provision of law to that effect. *Pearce* v. *Atwood*, 13 Mass. 324. *Commonwealth* v. *Reed*, 1 Gray, 472. It is not avoided in earlier cases by the provision contained in Gen. Sts. *c.* 122, § 13.

As Mr. Day could not take jurisdiction of the original suit, the recognizance which was required and taken of the defendant was taken without authority and is void. The demurrer must therefore be overruled.